**FILED**
**NOVEMBER 6, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 6284**

| | | |
|---|---|---|
| SAUL DE LA CRUZ, on behalf of himself and all other similarly situated persons, known and unknown, | ) ) ) ) | |
| Plaintiff, | ) ) | No. |
| v. | ) ) | Judge |
| CNC LAWN CARE, INC. and CHAD C. UTHE, | ) ) ) | |
| Defendants. | ) | |

**JUDGE KENNELLY**
**MAGISTRATE JUDGE BROWN**

## COMPLAINT

Plaintiff Saul de la Cruz ("Plaintiff"), on behalf of himself and all other similarly situated employees, known and unknown, through his attorneys, for his Complaint against Defendants CNC Lawn Care, Inc. and Chad C. Uthe ("Defendants") states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.* ("IMWL") and the Illinois Wage Payment Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA") for Defendants' failure to pay overtime wages to Plaintiff and similarly situated employees for all time worked in excess of forty (40) hours in individual workweeks. Plaintiff also brings an individual claim under the IWPCA for Defendants' unlawful deductions taken from Plaintiff's earned wages. A copy of Plaintiff's consent form to bring his claim for unpaid overtime wages under the FLSA as a representative action is attached hereto as Exhibit A.

**THE PARTIES**

2. Plaintiff was an "employee(s)" of Defendants as that term is defined by the FLSA 29

1

U.S.C. § 203 (e)(1) and the IMWL, 820 ILCS 115/3.

3. Plaintiff resides in and is domiciled in this judicial district.

4. During the course of his employment by Defendants, Plaintiff handled goods that moved in interstate commerce and was not exempt from the maximum hour provisions of the FLSA, 29 U.S.C. §207 or the IMWL, 820 ILCS 105/1 *et seq.*

5. At all relevant times, Defendants were Plaintiff's "employer" subject to the FLSA, 29 U.S.C. §203(d), and the IMWL, 820 ILCS §105/3(c).

6. Defendant CNC Lawn Care, Inc's principal place of business is located in Oak Forest, Illinois, within this judicial district.

7. Defendant CNC Lawn Care, Inc is an Illinois corporation and is an enterprise as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

8. Defendant Chad C. Uthe is involved in the day to day business operations of CNC Lawn Care, Inc. Among other things, Defendant Chad C. Uthe has the authority to hire and fire employees, to direct and supervise the work of the employees, sign on the checking accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures. Defendant Chad C. Uthe is an "employer" as defined by the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS 105/3(c).

9. Defendant Chad C. Uthe resides in this judicial district.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C.

§216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages
### (Collective Action)

Plaintiff hereby realleges and incorporates paragraphs 1 through 10 of this Complaint, as if fully set forth herein.

11. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, in failing to pay overtime wages to Plaintiff and similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks.

12. During the course of their employment by Defendants, Plaintiff was employed by Defendants and was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

13. Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

14. Pursuant to 29 U.S.C. § 207, Plaintiff was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

15. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

16. Other non-exempt employees employed by Defendants were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

17. Defendants did not compensate other non-exempt employees at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

18. Defendants' failure and refusal to pay overtime wages to Plaintiff and similarly situated employees for all time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

19. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and similarly situated employees overtime wages for all time worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's and similarly situated employees' hourly wage rate for all time which Plaintiff's and similarly situated employees worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found to be due;

C. Reasonable attorneys' fees;

D. Costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

### COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages
### (Plaintiff Individually Only)

Plaintiffs hereby realleges and incorporates paragraphs 1 through 19 of this Complaint, as if fully set forth herein.

20. This Court has supplemental jurisdiction over the matters alleged herein pursuant to

28 U.S.C. §1367.

21. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS 105/4a.

22. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

23. Defendants violated the IMWL by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

24. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of the underpayments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times his regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours in individual work weeks;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees;

D. Costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act
### (Plaintiffs individually)

Plaintiff hereby realleges and incorporates paragraphs 1 through 24 of this Complaint.

25. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

26. At all relevant times herein, Defendants were Plaintiff's "employer(s)" as defined in the IWPCA, 820 ILCS 115/1 *et seq.*, and Plaintiff was Defendants' "employee" within the meaning of that Act.

27. Defendants agreed to compensate Plaintiff for their work at the hourly rate agreed to by the parties.

28. Defendants failed to pay Plaintiff for all time he worked in individual work weeks.

29. Defendants violated the IWPCA, 820 ILCS 115/9, by failing to pay Plaintiff for all time he worked.

30. Plaintiff has been damaged by Defendants' failure to pay him for all time he worked for Defendants.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

- A. A judgment in the amount of all back wages due, as provided by the Illinois Wage Payment and Collection Act;

- B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

- C. An injunction precluding Defendants from violating the IWPCA, 820 ILCS 115/1 *et seq.*; and

- D. Such other and further relief as this Court deems appropriate and just.

Dated: November 6, 2007    BY: s/Douglas M. Werman
             DOUGLAS M. WERMAN (ARDC#6204740)
             MAUREEN A. BANTZ (ARDC#6289000)
             Werman Law Office, P.C.
             77 W. Washington, Suite 1402
             Chicago, Illinois 60602
             (312) 419-1008
             Attorney for Plaintiff

# EXHIBIT A

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by CNC Lawn Care, Inc., or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendants time in excess of forty (40) hours in individual work weeks, and have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: _Saul De La Cruz_                              (Print your name)


Signature: _Saul DELA Cruz_


Date on which I signed this Notice: _04/26/07_
                                   (Today's date)