IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAUL DE LA CRUZ, on behalf of himself and All other similarly situated persons, known and Unknown, ) ) ) ) *Plaintiff,* ) ) v. ) ) CNC LAWNCARE, INC., and CHAD C. UTHE ) ) *Defendants.* ) | No.  07 C 6284 Judge Kennelly Magistrate Judge Brown |

**FILED JAN - 7 2008 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT**

## DEFENDANTS CNC LAWN CARE, INC. AND CHAD C. UTHE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendants, CNC LAWNCARE, INC. and CHAD C. UTHE, by and though their attorneys, MICHAEL E. POWERS, LTD., and hereby submit the following Answer and Affirmative Defenses to Plaintiff's Complaint:

**Answer No. 1:** Defendants admit the Plaintiff purports to state a claim under the Fair Labor Standards Act, 29 USC §201 ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS §105/1 ("IMWL") and the Illinois Wage Payment Collection Act, 820 ILCS §115/1 ("IWPCA"). Defendants deny all remaining allegations contained in paragraph 1.

**THE PARTIES**

**Answer No. 2:** Defendants admit the allegations contained in paragraph 2.

**Answer No. 3:** Defendants neither admit nor deny the allegation contained in paragraph 3, but demands strict proof thereof.

**Answer No. 4:** Defendants deny the allegations contained in paragraph 4.

**Answer No. 5:** Defendants deny the allegation contained in paragraph 5.

**Answer No. 6:** Defendants admit the allegations contained in paragraph 6.

**Answer No. 7:** Defendants admit the Defendant CNC Lawn Care is an Illinois Corporation and deny the remaining allegations contained in paragraph 7.

**Answer No. 8:** Defendants neither admits nor denies the allegations contained in paragraph 8, but demands strict proof thereof.

**Answer No. 9:** Defendants admit the allegations contained in paragraph 9.

## JURISDICTION AND VENUE

**Answer No. 10:** Defendants neither admit nor deny the allegations contained in paragraph 10, but demands strict proof thereof.

## COUNT I:
### Violation of the Fair Labor Standards Act – Overtime Wages
### (Collective Action)

**Answer No. 11:** Defendant neither admits nor denies the allegations contained in paragraph 11, but demands strict proof thereof.

**Answer No. 12:** Defendants admit the allegations contained in paragraph 12.

**Answer No. 13:** Defendants neither admit nor deny the allegations contained in paragraph 13, but demands strict proof thereof.

**Answer No. 14:** Defendants admit the allegations contained in paragraph 14.

**Answer No. 15:** Defendants neither admit nor deny the allegations contained in paragraph 15.

**Answer No. 16:** Defendants neither admit nor deny the allegations contained in paragraph 16, but demands strict proof thereof.

**Answer No. 17:** Defendants neither admit nor deny the allegations contained in paragraph 17, but demands strict proof thereof.

**Answer No. 18:** Defendants neither admit nor deny the allegations contained in paragraph 18, but demands strict proof thereof.

**Answer No. 19:** Defendants deny the allegations contained in paragraph 19.

## COUNT II:
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW -- Overtime Wages
### (Plaintiff Individually Only)

**Answer No. 20:** Defendants deny the allegations contained in paragraph 20.

**Answer No. 21:** Defendants neither admit nor deny the allegations contained in paragraph 21, but demands strict proof thereof.

**Answer No. 22:** Defendants admit the allegations contained in paragraph 22.

**Answer No. 23:** Defendants neither admit nor deny the allegations contained in paragraph 23.

**Answer No. 24:** Defendants deny the allegations contained in paragraph 24.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act
### (Plaintiffs Individually)[1]

**Answer No. 25:** Defendants deny the allegations contained in paragraph 25.

**Answer No. 26:** Defendants admit the allegations contained in paragraph 26.

**Answer No. 27:** Defendants admit the allegations contained in paragraph 27.

**Answer No. 28:** Defendants deny the allegations contained in paragraph 28.

**Answer No. 29:** Defendants deny the allegation contained in paragraph 29.

**Answer No. 30:** Defendants deny the allegations contained in paragraph 30.

---

[1] Plaintiff here refers to "Plaintiffs" in the plural form whereas Count II refers merely to "Plaintiff" in the singular form. Defendants note that Saul De La Cruz is the only named Plaintiff in this matter and have responded accordingly.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE AFFIRMATIVE DEFENSE

Plaintiff has failed to allege sufficient facts to support any claim that Defendants have willfully violated the FLSA and/or the IMWA. Merely alleging willful violation of the statutes without a factual basis for the allegation of a specific intent is conclusory in nature.

### SECOND SEPARATE AFFIRMATIVE DEFENSE

**Statute of Limitations**

1. Plaintiff Saul De la Cruz has failed to support any claim that Defendants willfully violated the FLSA, as well as the nature of the violation and the relevant time periods of the alleged willful violation. Furthermore any claim(s) alleged pursuant to the FLSA and/or the IMWA must be brought within two (2) years of the alleged violation, citing 29 U.S.C. §255 and/or 820 ILCS §105/1.

2. Therefore, the FLSA claim and IMWA claim should be barred by the statute of limitations, due to Plaintiff's failure or omission to properly plead the relevant time periods of the alleged violation in his Complaint.

### THIRD SEPARATE AFFIRATIVE DEFENSE

**Good Faith and Equitable Defenses**

At all relevant times the Defendants were acting in good faith and had reasonable grounds for believing that their actions did not violate the FLSA, IMWA and/or IWPCA. Furthermore, Plaintiff's claims are barred in whole or in part by laches, the doctrine of equitable estoppel, and/or the doctrine of unclean hands.

### FOURTH SEPARATE AFFIRMATIVE DEFENSE

Defendants affirmatively state that the Plaintiff was paid in excess of the hours he actually worked in that he had been compensated for an extra hour each work day during which time he was on lunch break.

### FIFTH SEPARATE AFFIRMATIVE DEFENSE

Defendants affirmatively state they are not engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA and therefore are not subject to the law as it arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*

Respectfully Submitted,

CNC LAWN CARE, INC and CHAD C. UTHE

Dated January 5, 2008

By: _____
MICHAEL E. POWERS

MICHAEL E. POWERS, LTD.
360 W. Butterfield Road
Suite 200
Elmhurst, IL 60126
(630)941-8466
Attorney No.: 3123569